IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CURTIS L. EDWARD                                                   PLAINTIFF

vs.                                   Civil No. 4:13-cv-04010

CAROLYN W. COLVIN                                       DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

      Curtis L. Edward ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Act. The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 7.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.**     **Background:**

      Plaintiff protectively filed his disability application on April 16, 2009. (Tr. 10, 149). Plaintiff alleges he is disabled due to glaucoma, high blood pressure, arthritis, and asthma. (Tr. 172). Plaintiff alleges an onset date of January 1, 2007. (Tr. 10, 149). This application was denied initially and again upon reconsideration. (Tr. 48-49). Plaintiff subsequently requested an administrative hearing on this application, and this hearing request was granted. (Tr. 62-66).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

On November 2, 2011, the ALJ held an administrative hearing on Plaintiff's application. (Tr. 25-46). This hearing was held in Texarkana, Arkansas. *Id.* Plaintiff was present at this hearing and was represented by Greg Giles. *Id.* Plaintiff and Vocational Expert ("VE") Dr. Anderson[2] testified at this hearing. *Id.* At the time of this hearing, Plaintiff was fifty-two (52) years old, which is defined as a "person closely approaching advanced age" under 20 C.F.R. § 416.963(d) (2008) (SSI). (Tr. 28). As for level of education, Plaintiff testified he had only completed the tenth grade in school. *Id.*

On January 17, 2012, the ALJ issued an unfavorable decision denying Plaintiff's request for SSI. (Tr. 10-18). In this decision, the ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since April 16, 2009, his application date. (Tr. 12, Finding 1). The ALJ determined Plaintiff had the following severe impairments: asthma, glaucoma, and obesity. (Tr. 12, Finding 2). The ALJ also determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 14, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 14-17, Finding 4). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of light work as defined in 20 CFR 416.967(b) in that he can lift and/or carry 20 pounds occasionally and 10 pounds frequently. He can sit, stand and/or walk 6 hours in an 8-hour workday. The claimant is not limited in pushing or pulling (including

---

[2] The first name of "Dr. Anderson" is not included in the record. (Tr. 25).

2

>the operation of foot and/or hand controls) with the upper and lower extremities. The claimant has no postural, manipulative, *visual*, communicative or environmental limitations that would preclude performing work.

*Id.* (emphasis in the original).

After evaluating his RFC, the ALJ considered Plaintiff's Past Relevant Work ("PRW") and determined Plaintiff had no PRW. (Tr. 17, Finding 5). The ALJ then applied the Medical-Vocational Guidelines or "The Grids" to determine whether Plaintiff was disabled, considering his age, education, RFC, and work experience. (Tr. 17-18, Finding 9). Applying Rule 202.10 of the Grids, the ALJ found Plaintiff was "not disabled." *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from April 16, 2009 (application date) through January 17, 2012 (ALJ's decision date). (Tr. 18, Finding 10).

Thereafter, on January 16, 2013, Plaintiff filed the current appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on February 6, 2013. ECF No. 7. Both Parties have filed appeal briefs. ECF Nos. 10, 12. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See*

*Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can

perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In his appeal brief, Plaintiff raises the following three arguments for reversal: (1) the ALJ erred in finding his vision problems did not qualify under one of the Listings; (2) the ALJ erred in failing to properly assess his non-exertional limitations; and (3) the ALJ erred by failing to hear testimony from a VE. ECF No. 10 at 1-18. Because this Court finds the ALJ erred in evaluating Plaintiff's limitations due to his poor eyesight, the Court will only address his second argument for reversal.

In a social security disability case, the ALJ is responsible for determining a claimant's RFC based upon all of the relevant evidence. *See Jones v. Astrue,* 619 F.3d 963, 971 (8th Cir. 2010). The relevant evidence includes the claimant's own description of his or her limitations, the claimant's medical records, and observations of the claimant's treating physicians and others. *Id.* The ALJ's RFC determination must also be supported by "some" medical evidence. *See Perks v. Astrue,* 687 F.3d 1086, 1092 (8th Cir. 2012).

In Plaintiff's application, he alleges he is disabled due to glaucoma. (Tr. 172). During the administrative hearing in this matter, Plaintiff also testified that he suffered from severe vision problems related to glaucoma and cataracts in both eyes. (Tr. 31-32). Plaintiff testified that these vision problems could not be corrected. (Tr. 32).

The findings of a consulting examiner, Kennan A. Doan, O.D., support Plaintiff's allegations. (Tr. 487-488). Dr. Doan examined Plaintiff on December 2, 2011. *Id.* This is the most recent

examination related to Plaintiff's eye condition that is included in the record. During this examination, Dr. Doan administered several objective tests to assess Plaintiff's visual limitations. *Id.* After administering these tests, Dr. Doan found the test results were not entirely reliable. *Id.* However, even though Dr. Doan found these test results were not completely reliable and exaggerated Plaintiff's visual limitations, Dr. Doan still found Plaintiff suffered from "severe glaucoma" and stated that if Plaintiff "does not continue with treatment then he will go blind." *Id.*

In his opinion, the ALJ considered–and disregarded–all of Dr. Doan's findings. (Tr. 16-17). Specifically, the ALJ found Plaintiff has absolutely no vision problems: "The claimant has no postural, manipulative, *visual,* communicative or environmental limitations that would preclude performing work." (Tr. 14) (emphasis in the original). The ALJ based this decision to discount Dr. Doan's findings upon Dr. Doan's notation that Plaintiff's test results were unreliable. (Tr. 17). This was improper. Indeed, despite finding some of the test results were not reliable, Dr. Doan still found Plaintiff had "severe glaucoma" and faced the prospect of going blind. (Tr. 487-488).

Notably, the ALJ even went on to speculate that even if Plaintiff did have vision problems in his right eye, he could work because he could still see out of his left eye: "monocular vision in his left eye alone is sufficient to perform competitive work." *Id.* The ALJ cited no support for this determination. *Id.* This finding is especially troubling because it is not at all consistent with his RFC determination that Plaintiff had no *visual* limitations. (Tr. 14-17, Finding 4).

Accordingly, based upon this evidence, the Court cannot find the ALJ's RFC determination regarding Plaintiff's visual limitations is supported by any medical evidence. *See Perks,* 687 F.3d at 1092 (RFC determination must be supported by "some" medical evidence). Thus, this case must be reversed and remanded.

**4.      Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 17th day of January 2014.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE